**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**FRANK J. POVOSKI, JR.,**

      **Plaintiff,**

v.                                                                     9:14-cv-0097 (BKS/CFH)

**STEVEN LACY,** *Correction Captain, et al.,*

      **Defendants.**

---

**APPEARANCES:**

Frank J. Povoski, Jr.
05-B-2531
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821
Pro se Plaintiff

Hon. Eric T. Schneiderman
New York State Attorney General
Ryan E. Manley, Esq., Assistant Attorney General
The Capitol
Albany, NY 12224
For Defendants

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

      Plaintiff Frank J. Povoski, Jr., a New York State inmate, commenced this civil rights action under 42 U.S.C. § 1983. Dkt. Nos. 1 and 42. Plaintiff alleges that defendants violated his constitutional rights under the First, Eighth, and Fourteenth Amendments. *See* Dkt. No. 42. On August 20, 2015 Defendants filed a Partial Motion to Dismiss the Amended Complaint. Dkt. No.

65. On December 28, 2015, Plaintiff filed a response to the motion and moved to amend the complaint. Dkt. No. 103.

On February 8, 2016, United States Magistrate Judge Christian F. Hummel issued a Report-Recommendation and Order recommending that defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 65) be granted as to plaintiff's request for injunctive relief in the form of the expungement of his institutional and parole records regarding the December 6, 2010 disciplinary hearing; and denied as to (1) plaintiff's request for injunctive relief in the form of the return of two legal research notebooks, (2) plaintiff's excessive force claims, and (3) plaintiff's conspiracy claims. Dkt. No. 105, p. 25. Magistrate Judge Hummel also Ordered that plaintiff's motion to amend (Dkt. No. 103) be granted in part and denied in part; and that the amended complaint attached to plaintiff's motion (Dkt. No. 103-1) be accepted for filing and serve as the operative complaint in this proceeding. Dkt. No. 105.

Magistrate Judge Hummel advised the parties that, under 28 U.S.C. § 636(b)(1), failure to file written objections to the Report-Recommendation within fourteen days "will preclude appellate review." Dkt. No. 105, p. 25. No objections to the Report-Recommendation have been filed. On February 8, 2016, plaintiff filed the second amended complaint. Dkt. No. 106. As it is identical to the proposed second amended complaint appended to the motion to amend that Magistrate Judge Hummel granted in part and denied in part, it is accepted as filed, except with respect to those claims Magistrate Judge Hummel denied amendment.[1]

As no objections to the Report-Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See*

---

[1] Magistrate Judge Hummel denied plaintiff's motion to amend to the extent he sought to add: a denial of due process claim against Capt. Lacy, Corrections Counselor Rankin, and DSH Prack; and a denial of access to the courts claim against C.O. Mahuta, C.O. Kelly, C.O. Crusie, and Stg. Tamer. Dkt. No. 105, pp. 23-24.

2

*Glaspie v. N.Y.C. Dep't of Corr.*, No. 10 CV 00188(GBD)(JCF), 2010 WL 4967844, at *1, 2010 U.S. Dist. LEXIS 131629, at *2-3 (S.D.N.Y. Nov. 30, 2010) (explaining that when no objections to report and recommendation are made, "the Court may adopt [it] if there is 'no clear error on the face of the record.'") (quoting *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005)). Having reviewed the Report-Recommendation and having found no clear error, it is hereby

**ORDERED** that the Second Amended Complaint (Dkt. No. 106) is **ACCEPTED** as filed except with respect to those claims Magistrate Judge Hummel denied amendment; and it is

**ORDERED** that the Report-Recommendation (Dkt. No. 105) is **ADOPTED in its entirety**; and it is further

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 65) is **GRANTED** as to plaintiff's request for injunctive relief in the form of the expungement of his institutional and parole records regarding the December 6, 2010 disciplinary hearing; and it is further

**ORDERED** that plaintiff's request for injunctive relief in the form of the expungement of his institutional and parole records regarding the December 6, 2010 disciplinary hearing, as set forth in the Second Amended Complaint (Dkt. No. 106) is **DISMISSED**; and it is further

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 65) is **otherwise DENIED in its entirety**; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

**Dated:  March 9, 2016**

Brenda K. Sannes
U.S. District Judge