**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**FRANK J. POVOSKI, JR.,**

      **Plaintiff,**

v.                      9:14-CV-0097 (BKS/CFH)

**STEVEN LACY, et al.,**

      **Defendants.**
_____

Appearances:

Frank J. Povoski, Jr.
Rochester, NY 14622
Plaintiff, pro se

Brian W. Matula, Esq.
Hon. Eric T. Schneiderman
Office of New York State Attorney General
The Capitol
Albany, NY 12224
Attorney for Defendants

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

  Plaintiff Frank Povoski, Jr., a former New York State inmate, commenced this action under 42 U.S.C. § 1983 alleging that the Defendants violated his constitutional rights under the First, Eighth, and Fourteenth Amendments during his confinement at the Clinton Correctional Facility. Dkt. No. 106. On April 7, 2017, Defendants filed a motion for summary judgment, seeking dismissal of the entirety of the Plaintiff's Second Amended Complaint. Dkt. No. 132. Plaintiff did not respond to the motion even though he filed two requests for extensions of time, which were granted. Dkt. Nos. 136 and 138. This matter was referred to United States

Magistrate Judge Christian F. Hummel who, on December 13, 2017, issued a Report-Recommendation and Order recommending that Defendants' motion for summary judgment be granted in part and denied in part. Dkt. No. 139. Magistrate Judge Hummel advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the Report, and that the failure to object to the Report within fourteen days would preclude appellate review. Dkt. No. 139, pp. 42-43. No objections to the Report-Recommendation have been filed.

As no objections to the Report-Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety.

For these reasons, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 139) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 132) is **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 132) is **GRANTED** with respect to the following claims, and that the following claims are **DISMISSED WITH PREJUDICE**:

(1) Plaintiff's Fourteenth Amendment due process claim against Capt. Lacy, C.O. Summo, Dir. Prack, and Supt. LaValley;

(2) Plaintiff's First Amendment retaliation claim against Capt. Lacy, Supt. LaValley, C.O. Mahuta, C.O. Tamer, C.O. Kelly, C.O. Crusie, and Lieut. Allan;

(3) Plaintiff's First Amendment access to the courts claim against Capt. Lacy, C.O. Kelly, C.O. Crusie, C.O. Mahuta, Supt. LaValley, and Lieut. Allan;

(4) Plaintiff's § 1983 conspiracy claims against Capt. Lacy, Supt. LaValley, C.O. Mahuta, C.O. Tamer, C.O. Kelly, C.O. Crusie, Lieut. Allan, C.O. Pray, and Sgt. Archambault;

(5) Plaintiff's Eighth Amendment claim against Capt. Lacy, Lieut. Allan, and Supt. LaValley for improper SHU conditions; and

(6) Plaintiff's Eighth Amendment failure to intervene claim against Lieut. Allan; and it is further

**ORDERED** that the Defendants' motion for summary judgment is **DENIED** as to the following claims, which will be scheduled for trial:

(1) Plaintiff's First Amendment retaliation claim against C.O. Pray and Sgt. Archambault;

(2) Plaintiff's Eighth Amendment excessive force claim against C.O. Pray; and

(3) Plaintiff's Eighth Amendment failure to intervene claim against Sgt. Archambault; and it is further

**ORDERED** that the Clerk is directed to terminate Capt. Lacy, C.O. Summo, Dir. Prack, Supt. LaValley, C.O. Mahuta, C.O. Tamer, C.O. Kelly, C.O. Crusie, and Lieut. Allan as Defendants in this case; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with

the Local Rules.

    **IT IS SO ORDERED.**

    Dated:  January 17, 2018

*/s/ Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge