**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**FRANK J. POVOSKI, JR.,**

                                **Plaintiff,**

**v.**                                                                 **9:14-CV-0097 (BKS/CFH)**

**JAMES PRAY, et al.,**

                                **Defendants.**
_____

Appearances:

Frank J. Povoski, Jr.
Rochester, NY 14622
Plaintiff, pro se

Brian W. Matula, Esq.
Hon. Eric T. Schneiderman
Office of New York State Attorney General
The Capitol
Albany, NY 12224
Attorney for Defendants

**Hon. Brenda K. Sannes, United States District Judge:**

**ORDER OF DISMISSAL**

         For the reasons set forth below, this action is dismissed for failure to prosecute under

Rule 41(b) of the Federal Rules of Civil Procedure.  Plaintiff Frank J. Povoski, Jr., a former New

York State inmate, commenced this action under 42 U.S.C. § 1983 alleging that the Defendants

violated his constitutional rights under the First, Eighth, and Fourteenth Amendments during his

confinement at the Clinton Correctional Facility.  (Dkt. No. 106).  On April 7, 2017, Defendants

filed a motion for summary judgment, seeking dismissal Plaintiff's Second Amended Complaint.

(Dkt. No. 132).  Plaintiff did not respond to the motion even though he filed two requests for

extensions of time, which were granted.  (Dkt. Nos. 136 and 138).  On December 13, 2017,

United States Magistrate Judge Christian F. Hummel issued a Report-Recommendation and

Order ("R&R") recommending that Defendants' motion for summary judgment be granted in

part and denied in part.  (Dkt. No. 139).  Magistrate Judge Hummel advised the parties that under

28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the

R&R, and that the failure to object to the R&R within fourteen days would preclude appellate

review.  (Dkt. No. 139, at 42–43).  As no objections were filed, the Court, after reviewing for

clear error and finding none, issued a Memorandum-Decision and Order adopting the R&R in its

entirety and granting in part and denying in part Defendants' motion for summary judgment.

(Dkt. No. 141).

         In a letter dated January 17, 2018, the Courtroom Deputy to the undersigned notified

Plaintiff that this action was ready for trial and asked Plaintiff to advise in writing, by January

31, 2018, whether he would like the Court to appoint an attorney to represent him at trial.  (Dkt.

No. 142).  The Court received no response.

         On February 15, 2018, the Court issued a Text Order scheduling a telephone conference

and directing Plaintiff to provide a telephone number for the conference by February 23, 2018.

(Dkt. No. 143).  Plaintiff failed to provide a telephone number and the conference was cancelled.

         The last communication this Court received from Plaintiff was a letter filed on May 5,

2017—nearly ten months ago—requesting an extension of the deadline to file a response to

Defendants' motion for summary judgment.  (Dkt. No. 137).  Because it appeared that Plaintiff

has failed to prosecute this action diligently, the Court ordered Plaintiff to show cause by March

19, 2018, why this action should not be dismissed for failure to prosecute.  (Dkt. No. 144); *see*

*also*, N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an

action or proceeding diligently, the assigned judge shall order it dismissed."); *Horton v. City of N.Y.*, 636 F. App'x 822, 823 (2d Cir. 2016) ("[A]lthough the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute.") (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).  Plaintiff has not responded to the Court's order.

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," a court may dismiss the action.  Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). Moreover, the Second Circuit has stated that:

> [T]he involuntary dismissal is an important tool for preventing undue delays and avoiding docket congestion. But it is also one of the harshest sanctions at a trial court's disposal, since it usually extinguishes the plaintiff's cause of action and denies plaintiff his day in court. As a result, it is reserved for use only in the most extreme circumstances.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004) (internal citation omitted).  The Second Circuit has further stated that courts "should be especially hesitant to dismiss for procedural deficiencies where the failure is by a *pro se* litigant." *Hunter v. N.Y. State Dep't of Correctional Servs.*, 515 F. App'x 40, 42 (2d Cir. 2013) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)) (internal punctuation omitted).

When determining whether dismissal for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure is appropriate, courts must consider the following factors:

> whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*U.S. ex rel. Drake*, 375 F.3d at 254.  None of these factors is dispositive.  *Lopez v. Smurfit-Stone Container Enter., Inc.*, 289 F.R.D. 103, 104–05  (W.D.N.Y. 2013).

Considering these factors, the Court concludes that dismissal for failure to prosecute is warranted under the circumstances of this case. First, Plaintiff's failure to prosecute has delayed this action significantly—it has been pending for more than four years, and it is trial ready. Second, Plaintiff was given notice that failure to cooperate or appear in connection with this case could result in dismissal.  (Dkt. No. 144, at 3).  Third, Defendants are likely to be prejudiced by delaying trial indefinitely.  (Dkt. No. 145).  Fourth, while the Court is mindful that Plaintiff has survived summary judgment and is entitled to trial, because he has not appeared in this action for more than ten months, the Court finds that the need to alleviate calendar congestion outweighs Plaintiff's right to an opportunity for a day in court.  Fifth, where, as here, Plaintiff has failed to suggest that he has any intention of pursuing this action, the Court concludes that a sanction less than dismissal would be ineffective.  Thus, having carefully considered the relevant factors, the Court finds that dismissal is warranted.

Accordingly, it is

**ORDERED** that the Second Amended Complaint (Dkt. No. 106) is **DISMISSED without prejudice** for failure to prosecute; and it is further

**ORDERED** that the Clerk of the Court is directed to serve a copy of this Order of Dismissal on Plaintiff in accordance with the Local Rules and close this case.

**IT IS SO ORDERED.**

**Dated:  March 20, 2018**

Brenda K. Sannes
U.S. District Judge